# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00226-MR

| | |
|---|---|
| **DOMINIC STROUD,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**FNU TAPP, et al.,** )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Complaint. [Doc. 1]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 6].

The *pro se* Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Marion Correctional Institution ("Marion C.I."), where he is presently incarcerated. [Doc. 1]. He names as Defendants the following Marion C.I. employees: FNU Tapp, a unit manager; and FNU Truax and FNU Stidam,[1] who are both correctional officers.

---

[1] While the Plaintiff refers to this Defendant as "Stidam" in the caption of the case, he refers to the Defendant alternatively as "Stidham" and "Stadhim" in the body of the Complaint. [See Doc. 1 at 8]. The name appears here as the Plaintiff presented it in the caption.

In the Complaint, the Plaintiff alleges that at around 2:00 p.m. on July 16, 2019, he was approached by Defendants Tapp, Stidam, and Truax regarding a cell search they had conducted. The Plaintiff was upset that some family photographs were confiscated and that he was not present for the cell search, which he believed to violate prison policy.[2] After "words were exchanged" between the Plaintiff and Defendant Tapp, Defendant Stidam pulled out his mace but Tapp told Stidam to "stand down" and that everything was under control. [Doc. 1 at 8]. The Plaintiff alleges that he calmly turned away to go lock down in his cell without showing any signs of threats or anger but Defendant Stidam pepper sprayed him anyway. The Plaintiff was "partially blind, fearing for [his] life, only thinking [to] protect [himself]" and "started swinging wildly." [Id.]. The Plaintiff alleges that he was then tased and submitted to cuffs and foot restraints. While lying face-down on the floor in full restraints, the Plaintiff heard a voice saying "you want to hit me boy," then felt his hair pulled, face slammed into the floor repeatedly, tased again, stomped on the back of his head, and the taser attachment was ripped from his side and back. The Plaintiff was placed on his feet and was dragged to segregation. [Id.]. Along the way, the Plaintiff alleges that he was rammed

---

[2] The Plaintiff does not appear to assert a claim regarding the search of his cell or for the confiscation of his photographs.

into entrances and windows and then he was thrown headfirst into a filthy shower while in full restraints with open wounds to his eye, ear, side, back, and arm. The Plaintiff alleges that "the officers" never completed an incident report for the use of force.[3]  [Id. at 9].

The Plaintiff alleges that a nurse came to check on the Plaintiff while he was in the shower. The Plaintiff still had mace in his eyes so the nurse said that she would come back once the Plaintiff was stable, however, she never returned. [Id.].

After the shower, the Plaintiff was escorted to a cell in segregation. He was not given dinner and went without food until breakfast at 4:30 the next morning. The Plaintiff alleges that he was also deprived of bed linens, clothes, disinfectant or cleaning supplies during that time. He alleges that his open wounds "could have le[d] to infections or diseases." [Id.].

The Plaintiff seeks damages for pain and suffering and injunctive relief. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which

---

[3] The Plaintiff fails to identify the officers to whom this allegation refers.

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

## A. Excessive Force

The Plaintiff alleges that Defendants Stidam pepper sprayed him without justification, and that he was tased and beaten while he was fully restrained.

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain on prisoners. Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013). "An inmate's Eighth Amendment excessive force claim involves both an objective and a subjective component." Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). "The objective component asks whether the force applied was sufficiently serious to establish a cause of action." Id. The subjective component "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 112-13.

The Plaintiff has stated a plausible claim that Defendant Stidam used excessive force by pepper spraying him without justification. Liberally construing the allegations, the Plaintiff has also stated a plausible claim against Defendants Stidam and Tapp for the beating that allegedly followed. However, the allegations are too vague and conclusory to state a plausible claim against Defendant Truax. The Plaintiff alleges only that Defendant

5

Truax was present when the Defendants confronted the Plaintiff after the cell search. The Plaintiff has not alleged sufficient facts to plausibly suggest that Defendant Truax was in a position to intervene, or was even present, when the Plaintiff was pepper sprayed and beaten. Therefore, Plaintiff's excessive force claim against Defendants Stidam and Tapp will be permitted to proceed but the claim against Defendant Truax is dismissed without prejudice.

### B. Deliberate Indifference to a Serious Medical Need

The Plaintiff alleges that an unnamed nurse was deliberately indifferent to a serious medical need because she "never came back to see [him]" after he was allegedly pepper sprayed and beaten. [Doc. 1 at 5].

To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifference to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate,

or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

This claim is insufficient to proceed for several reasons. First, the nurse at issue has not been named as a Defendant. This failure renders Plaintiff's allegations against her nullities. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); see, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Even if the nurse were properly named as a Defendant, however, the deliberate indifference claim against her would still be dismissed. The Plaintiff alleges that he was allowed a shower after he was pepper sprayed and that he had open wounds to his eye, ear, side, back, and arm. However, these bare, conclusory allegations are insufficient to demonstrate that he had a serious medical need. Moreover, the Plaintiff has failed to allege that the nurse's failure to return and examine him was due to deliberate indifference rather than mere negligence. Therefore, the deliberate indifference claim against the unnamed nurse is dismissed without prejudice.

### C. Conditions of Confinement

The Plaintiff appears to allege that he was subjected to unconstitutional conditions of confinement in that he was placed in a dirty cell while he had open wounds, that he lacked bed linens, clothes, disinfectant, or cleaning supplies, and that he missed one evening meal.

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). Further, a plaintiff must allege and prove facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. See Farmer, 511 U.S. at 847.

This claim is too vague to proceed in that the Plaintiff fails to identify the Defendant(s) who allegedly placed him in a dirty cell after his decontamination shower. Further, the conditions about which the Plaintiff

complains are not sufficiently serious. The Plaintiff alleges that he was without cleaning supplies, clothing, and bed linens between the afternoon of July 16, 2019 until about 4:30 a.m. the following morning. The conditions at issue for this relatively brief period are not sufficiently grave to implicate the Eighth Amendment. Nor does missing a single meal rise to the level of a constitutional violation. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (prisoner's allegation that he only received two meals per day on weekends and holidays was insufficient to state an Eighth Amendment violation). In short, the Plaintiff has failed to alleged that any Defendant knew of and disregarded a substantial risk of serious harm to the Plaintiff due to these conditions. Therefore, the Plaintiff's claim regarding the conditions of his confinement will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims for the use of excessive force against Defendants Stidam and Tapp survive initial review under 28 U.S.C. § 1915(e)(2) as they are not clearly frivolous. The remaining claims are dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all

timeliness and procedural requirement and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, Defendant Truax will be dismissed from this case without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that:

(1) The excessive force claims against Defendants Stidam and Tapp have passed initial review;

(2) The remaining claims are dismissed without prejudice for failure to state a claim upon which relief can be granted; and

(3) The Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, Defendant Truax will be dismissed from this case without further notice to Plaintiff.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 complaint form.

**IT IS SO ORDERED**.

Signed: February 22, 2021

Martin Reidinger
Chief United States District Judge