IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00226-MR

| | |
|---|---|
| DOMINIC STROUD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SAINT T. TAPP, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Letter [Doc. 48].

The incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Marion Correctional Institution. The Amended Complaint passed initial review on excessive force claims. [Docs. 10, 14]. The Defendants filed a Motion for Summary Judgment [Doc. 42], and the Court informed the Plaintiff of his right to respond pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Doc. 47]. The Roseboro Order specifically informed the Plaintiff that, in responding to the Motion for Summary Judgment, he must present sufficient evidence from which a reasonable jury could return a verdict in his favor by

presenting admissible evidence to the Court, and by citing to the record. [Id. at 2-3].

The Plaintiff has now filed a Letter [Doc. 48], in which he states that he is moving "to introduce to the Courts on discovery as is, all medical history, medical complaints, all notes on incident and pictures taken of incident … camera footage … [and] the grievance [he] filed about [his] visitation information…." [Id. at 1]. The Plaintiff further states that he is "in need of full motion of discovery to present as evidence for this case." [Id.].

To the extent that the Plaintiff is now seeking the Court's leave to file exhibits in opposition to Defendants' Motion for Summary Judgment, this is moot, as the Plaintiff has already been informed of his right to do so.[1] [See Doc. 47]. However, to the extent that the Plaintiff is attempting to now request discovery so that he may present evidence in opposition to the Motion for Summary Judgment, this request is denied. Discovery closed nearly six months ago, and the Plaintiff has failed to demonstrate good cause for reopening discovery at this late date. See generally Fed. R. Civ. P.

---

[1] To the extent that the Plaintiff is attempting to rely on materials that are already in the record to oppose the Motion for Summary Judgment, his general references to various materials are insufficient. He was previously informed that he must "cit[e] to particular parts of materials in the record…" in order to demonstrate that a genuine dispute of material fact exists for trial. The Court has no obligation to do so for him. See generally Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985) (district judges are not mind readers).

16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent"); Ardrey v. United Parcel Service, 798 F.2d 679, 682 (4th Cir. 1986) (the court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery").

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Letter [Doc. 48], which is construed as a Motion to Introduce Evidence and Motion to Reopen Discovery, is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 14, 2022

Martin Reidinger
Chief United States District Judge